UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BLANCA M. PLEITEZ GALICIA, individually, and on
behalf of all others similarly situated,

                      Plaintiff,

        -against-

MARIELOS CORP. d/b/a LA CABANA 2
SALVADORENA RESTAURANT, and MARIELOS
LOZANO, PEDRO LOZANO, and JULIO LOZANO,
as individuals,

                      Defendants.
------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, **BLANCA M. PLEITEZ GALICIA, individually and on behalf of all others similarly situated**, by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, BLANCA M. PLEITEZ GALICIA, individually, and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff" or "Plaintiffs"), through undersigned counsel, bring this action against the Defendants, MARIELOS CORP. d/b/a LA CABANA 2 SALVADORENA RESTAURANT (hereinafter, "LA CABANA"), and MARIELOS LOZANO, PEDRO LOZANO, and JULIO LOZANO, as individuals, (collectively hereinafter, the "Defendants"), to recover damages resulting from the Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment by the Defendants at MARIELOS CORP. d/b/a LA CABANA 2 SALVADORENA RESTAURANT located at 3150 Villa Avenue, Bronx, New York 10468.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks appropriate interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff, BLANCA M. PLEITEZ GALICIA, was employed by the Defendants at MARIELOS CORP. d/b/a LA CABANA 2 SALVADORENA RESTAURANT from in or around April 2018 until in or around January 2020.

8. Corporate Defendant, MARIELOS CORP. d/b/a LA CABANA 2 SALVADORENA RESTAURANT ("LA CABANA"), is a New York domestic business organized under, and existing by virtue of, the laws of the State of New York with a principal executive office located at 3150 Villa Avenue, Bronx, New York 1046.

9. Defendant MARIELOS LOZANO is the owner of LA CABANA.

10. Defendant MARIELOS LOZANO is the Chief Executive Officer of LA CABANA.

11. Upon information and belief, Defendant MARIELOS LOZANO operates LA CABANA.

12. Upon information and belief, Defendant MARIELOS LOZANO would be frequently present at LA CABANA every day, and supervised employees, including Plaintiff, while there.

13. Upon information and belief, Defendant MARIELOS LOZANO would instruct the employees of LA CABANA, including the Plaintiff, on how to perform their jobs.

14. Upon information and belief, Defendant MARIELOS LOZANO is the individual in charge of the day-to-day operations of LA CABANA, including the ordering of products for the business.

15. Upon information and belief, Defendant MARIELOS LOZANO would be responsible for determining the rate of pay to employees, including the Plaintiffs.

16. Upon information and belief, Defendant MARIELOS LOZANO was responsible for distributing pay to employees, including the Plaintiff.

17. Upon information and belief, Defendant MARIELOS LOZANO makes final personnel decisions regarding employment issues at LA CABANA.

18. Upon information and belief, Defendant MARIELOS LOZANO has power over the personnel decisions at LA CABANA.

19. Upon information and belief, Defendant MARIELOS LOZANO would make the decision to hire employees of LA CABANA, including the Plaintiff.

20. Upon information and belief, Defendant MARIELOS LOZANO would make the decision regarding the termination of employees at LA CABANA including Plaintiff.

21. Upon information and belief, Defendant MARIELOS LOZANO would determine how the employees of LA CABANA, including the Plaintiff, were to be paid.

22. Upon information and belief, Defendant MARIELOS LOZANO has the power to hire and fire employees at LA CABANA, establish and pay their wages, set their work schedule, and maintains their employment records.

23. Upon information and belief, Defendant MARIELOS LOZANO has power over the payroll decisions at LA CABANA.

24. Upon information and belief, Defendant MARIELOS LOZANO is an agent of LA CABANA.

25. During all relevant times herein, Defendant MARIELOS LOZANO was Plaintiff's employer within the meaning of the FLSA and NYLL.

26. Defendant PEDRO LOZANO is the owner of LA CABANA.

27. Upon information and belief, Defendant PEDRO LOZANO operates LA CABANA.

28. Upon information and belief, Defendant PEDRO LOZANO would be frequently present at LA CABANA every day, and supervised employees, including Plaintiff, while there.

29. Upon information and belief, Defendant PEDRO LOZANO would instruct the employees of LA CABANA, including the Plaintiff, on how to perform their jobs.

30. Upon information and belief, Defendant PEDRO LOZANO is the individual in charge of the day-to-day operations of LA CABANA, including the ordering of products for the business.

31. Upon information and belief, Defendant PEDRO LOZANO would be responsible for determining the rate of pay to employees, including the Plaintiffs.

32. Upon information and belief, Defendant PEDRO LOZANO was responsible for distributing pay to employees, including the Plaintiff.

33. Upon information and belief, Defendant PEDRO LOZANO makes final personnel decisions regarding employment issues at LA CABANA.

34. Upon information and belief, Defendant PEDRO LOZANO has power over the personnel decisions at LA CABANA.

35. Upon information and belief, Defendant PEDRO LOZANO would make the decision to hire employees of LA CABANA, including the Plaintiff.

36. Upon information and belief, Defendant PEDRO LOZANO would make the decision regarding the termination of employees at LA CABANA including Plaintiff.

37. Upon information and belief, Defendant PEDRO LOZANO would determine how the employees of LA CABANA, including the Plaintiff, were to be paid.

38. Upon information and belief, Defendant PEDRO LOZANO has the power to hire and fire employees at LA CABANA, establish and pay their wages, set their work schedule, and maintains their employment records.

39. Upon information and belief, Defendant PEDRO LOZANO has power over the payroll decisions at LA CABANA.

40. Upon information and belief, Defendant PEDRO LOZANO is an agent of LA CABANA.

41. During all relevant times herein, Defendant PEDRO LOZANO was Plaintiff's employer within the meaning of the FLSA and NYLL.

42. Upon information and belief, Defendant JULIO LOZANO is an owner of LA CABANA.

43. Upon information and belief, Defendant JULIO LOZANO operates LA CABANA.

44. Upon information and belief, Defendant JULIO LOZANO would be frequently present at LA CABANA every day, and supervised employees, including Plaintiff, while there.

45. Upon information and belief, Defendant JULIO LOZANO would instruct the employees of LA CABANA, including the Plaintiff, on how to perform their jobs.

46. Upon information and belief, Defendant JULIO LOZANO is the individual in charge of the day-to-day operations of LA CABANA, including the ordering of products for the business.

47. Upon information and belief, Defendant JULIO LOZANO would be responsible for determining the rate of pay to employees, including the Plaintiffs.

48. Upon information and belief, Defendant JULIO LOZANO was responsible for distributing pay to employees, including the Plaintiff.

49. Upon information and belief, Defendant JULIO LOZANO makes final personnel decisions regarding employment issues at LA CABANA.

50. Upon information and belief, Defendant JULIO LOZANO has power over the personnel decisions at LA CABANA.

51. Upon information and belief, Defendant JULIO LOZANO would make the decision to hire employees of LA CABANA, including the Plaintiff.

52. Upon information and belief, Defendant JULIO LOZANO would make the decision regarding the termination of employees at LA CABANA including Plaintiff.

53. Upon information and belief, Defendant JULIO LOZANO would determine how the employees of LA CABANA, including the Plaintiff, were to be paid.

54. Upon information and belief, Defendant JULIO LOZANO has the power to hire and fire employees at LA CABANA, establish and pay their wages, set their work schedule, and maintains their employment records.

55. Upon information and belief, Defendant JULIO LOZANO has power over the payroll decisions at LA CABANA.

56. Upon information and belief, Defendant JULIO LOZANO is an agent of LA CABANA.

57. During all relevant times herein, Defendant JULIO LOZANO was Plaintiff's employer within the meaning of the FLSA and NYLL.

58. Defendant JULIO LOZANO is an agent of LA CABANA.

59. During all relevant times herein, Defendant JULIO LOZANO was the Plaintiff's employer within the meaning of the FLSA and NYLL.

60. On information and belief, MARIELOS CORP. d/b/a LA CABANA 2 SALVADORENA RESTAURANT, is, at present and has been at all times relevant to the

allegation contained in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

61. Plaintiff BLANCA M. PLEITEZ GALICIA was employed by the Defendants at MARIELOS CORP. d/b/a LA CABANA 2 SALVADORENA RESTAURANT from in or around April 2018, to in or around January 2020.

62. Throughout Plaintiff BLANCA M. PLEITEZ GALICIA's employment by the Defendants, Plaintiff's primary duties were as a cook, kitchen worker, and restaurant cleaner, while performing other related miscellaneous duties for the Defendants from in or around April 2018 until in or around January 2020.

63. Plaintiff BLANCA M. PLEITEZ GALICIA was paid by the Defendants a flat daily salary of $80 per day, from in or around April 2018 to in or around December 2018; and a flat hourly salary of $15.00 per hour, from in or around January 2019 to in or around January 2020.

64. Plaintiff BLANCA M. PLEITEZ GALICIA regularly worked from 10:00 am to 10:30 pm, for a total of 12.5 hours per day, and regularly worked 6 days per week for the Defendants, for a total of seventy-five (75) hours or more per week at LA CABANA from in or around April 2018 to in or around January 2020.

65. Although Plaintiff BLANCA M. PLEITEZ GALICIA regularly worked seventy-five (75) hours or more hours per week at LA CABANA from in or around April 2018 to in or around January 2020, the Defendants did not pay Plaintiff at a rate of time and a half (1.5) for her hours worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

66. Moreover, the Defendants failed to pay Plaintiff BLANCA M. PLEITEZ GALICIA the legally prescribed minimum wage for all hours worked from in or around April 2018 to in or around December 2018, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and state regulations.

67. Furthermore, although Plaintiff BLANCA M. PLEITEZ GALICIA regularly worked six (6) days per week consisting of more than ten (10) straight hours, the Defendants failed to

pay Plaintiff BLANCA M. PLEITEZ GALICIA an additional hour of pay at the applicable minimum wage rate for each day that Plaintiff worked a shift in excess of ten (10) hours, in blatant violation of the spread of hour provisions contained within the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 146-1.6.

68. Defendants willfully failed to post notices of the applicable minimum wage and overtime wage regulations and requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

69. Defendants willfully failed to keep accurate, contemporaneous payroll records as required by both NYLL and the FLSA.

70. The Defendants failed to provide the Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

71. The Defendants failed to provide the Plaintiff with proper wage statements on each payday and upon each payment of wages as required by NYLL §195(3).

72. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, an award of reasonable attorneys' fees, costs, disbursements and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

73. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the "collective class."

74. Collective Class: All persons who are or have been employed by the Defendants as cook, kitchen worker, waiter, cleaner, restaurant staff or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay the required minimum wage or overtime wage compensation.

75. Upon information and belief, Defendants employed at least 10-20 employees within the relevant time period who were subjected to Defendants' similar unlawful payment structures.

76. Upon information and belief, Defendants suffered and permitted Plaintiff, and the Collective Class, to work more than forty hours per week without any appropriate overtime compensation.

77. Defendants' unlawful conduct has been widespread, repeated, and consistent.

78. The Defendants had knowledge that Plaintiff (and the Collective Class) perform work requiring overtime pay.

79. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

80. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

81. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

82. The claims of Plaintiff are typical of the claims of the putative class.

83. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

84. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## AS AND FOR A FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

85. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

86. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

87. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

88. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

89. Defendants willfully failed to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

90. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

91. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

92. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

93. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

94. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. § 146-1.4.

95. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## AS AND FOR A THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

96. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

97. At all relevant times, Defendants failed to pay Plaintiff the lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

98. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective Plaintiffs.

99. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## AS AND FOR A FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

100. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

101. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

102. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

103. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

104. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically, NYLL §652.

105. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. § 146-1.2.

106. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an amount equal to their

unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## AS AND FOR A FIFTH CAUSE OF ACTION
### Spread of Hour Compensation Under New York Labor Law

107. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

108. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day the Plaintiff worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 146-1.6.

109. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants for her unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## AS AND FOR A SIXTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

110. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

111. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

112. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

113. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

114. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3).

115.    Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff damages for unpaid overtime wages;

c. Awarding Plaintiff damages for unpaid minimum wages;

d. Awarding Plaintiff damages for unpaid spread of hour compensation;

e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216, and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiff full damages for Defendants' violations of NYLL §195(1)(3);

g. Awarding Plaintiff prejudgment and post-judgment interest;

h. Awarding Plaintiff costs of this action together with an award for reasonable attorneys' fees; and

i. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated: Kew Gardens, New York
       July 22, 2021

Roman Avshalumov, Esq.
Helen F. Dalton & Associates, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLANCA M. PLEITEZ GALICIA, individually, and on behalf of all others similarly situated,

Plaintiff,

-against-

MARIELOS CORP. d/b/a LA CABANA 2 SALVADORENA RESTAURANT, and MARIELOS LOZANO, PEDRO LOZANO, and JULIO LOZANO, as individuals LA CABANA SALVADORENA NO.2, INC. and PEDRO LOZANO, as an individual,

Defendants.

## SUMMONS & COLLECTIVE ACTION COMPLAINT

*JURY TRIAL DEMANDED*

**HELEN F. DALTON & ASSOCIATES, P.C.**
Attorneys for the Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO: all defendants *via* U.S. First Class mail:**

MARIELOS CORP. d/b/a LA CABANA 2
SALVADORENA RESTAURANT
3150 VILLA AVENUE
BRONX, NEW YORK 10468

MARIELOS LOZANO
140 WADSWORTH AVENUE APT 64
NEW YORK, NEW YORK 10033

PEDRO LOZANO
220 AUDUBON AVENUE APT 24
NEW YORK, NEW YORK 10033

4384 BROADWAY 24
NEW YORK, NEW YORK 10040

JULIO LOZANO
3150 VILLA AVENUE
BRONX, NEW YORK 10468

13