

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

---

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

February 23, 2022

**Via ECF**
The Honorable District Judge John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **Galicia v. Marielos Corp., et al.**
    **21-CV-6255 (JGK)**

Dear Judge Koeltl:

Our office represents Blanca M. Pleitez Galicia ("Galicia" or "Plaintiff") in the above-referenced matters and we submit this motion jointly with counsel for Marielos Corp., Marielos Lozano, Pedro Lozano, and Julio Lozano (collectively, the "Defendants") seeking approval of the Settlement Agreement (attached hereto as **Exhibit 1**) ("the Agreement") as fair and reasonable. The terms of the Agreement were reached only with the aid of a qualified and experienced wage-and-hour mediator through the SDNY Mediation Program.

The parties submit that the terms of the Agreement comport with *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d. Cir. 2015) and provide analysis using the factors articulated in *Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335-336* as a basis for why the Court should approve the Agreement.

## I.      The Wolinsky Factors

The parties analyze the fairness and reasonableness of the Agreement utilizing the factors articulated in *Wolinsky*:

1. **The Plaintiffs' range of possible recovery:**

   a. **Plaintiffs' Position**

Plaintiff commenced this collective action on July 22, 2021 against Defendants to recover alleged damages for unpaid overtime wages, minimum wage pay, and spread of hours pay resulting from violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law

("NYLL") and arising out of Plaintiff's employment as a cook and food preparer at Defendants' restaurant located at 3150 Villa Avenue, Bronx, New York 10466.

Plaintiff alleges she was employed by Defendants from in or around April 2018 until in or around January 2020. In general, Plaintiff alleged that she was required to work up to seventy-five (75) hours per week, but that she was not paid proper overtime rates for her hours over forty per workweek. Further, Plaintiff alleged that for the first eight months of her employment she was paid at a rate below the applicable minimum wage rate for New York City employers. Plaintiff also alleged entitlement to spread of hours compensation for shifts worked in excess of ten (10) hours per day.

In total, Plaintiff alleged approximately $52,000.00 in unpaid wages, assuming 100% success on all her claims as to the dates of her employment, the hours worked each and every week of her employment, and that she never received overtime compensation for any hours worked in excess of forty hours per workweek. As such, Plaintiff's range of recovery as to her unpaid wages was $0.00 to $52,000.00, not including claims for statutory damages and liquidated damages. As such, Plaintiff accepted the settlement offer of $40,000.00 as it fell in what could be considered her reasonable range of recovery and compensates her for a significant portion of her alleged unpaid wages. Plaintiff also considered the defenses raised by Defendants, their potential witness testimony as well as economic realities of the situation, including Defendants' financial status.

### b. Defendants' Position

Defendants asserted in response to the allegations that Plaintiff was only employed from June 2018 to January 2020 and disputed the hours Plaintiff claimed to have worked. Notably, Plaintiff alleged to have worked hours where Defendants' restaurant was not even open for business. Defendants asserted that Plaintiff worked 28 hours per week in 2018 and then 35 hours per week through the end of her employment. Defendants asserted that Plaintiff worked a fixed schedule of 7 hours per day (plus a one-hour lunch) on a shift that included other workers, to which those others would testify at deposition in trial. More importantly, Defendants asserted that they would obtain the testimony of employees who worked on other shifts *without* Plaintiff in order to show that her memory of hours worked was incorrect. Due to the absence of time records in this matter, Defendants understood that there would be significant discovery needed, particularly deposition testimony, of several employees and regular customers of the restaurant to disprove Plaintiff's allegations, and as such agreed to resolve this matter despite that Defendants believe they would be able to show that they were not liable for overtime payments to Plaintiff.

Additionally, Defendants asserted that Plaintiff was, at all times, paid the New York State applicable minimum wage but, due to the lack of paystubs to be able to show as much to the ultimate factfinder in this matter, that there was considerable risk with respect to that claim.

As stated above, Defendants asserted that Plaintiff did not work a "spread of hours" exceeding 10 hours and was, therefore, not entitled to spread of hours pay in this matter at all, but again this assertion would be difficult to prove without the testimony of Defendants' workforce.

### c. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $40,000.00. The parties believe that this amount is reasonable considering Plaintiff's claims and the defenses maintained by Defendants in this matter. Moreover, the settlement amount was only achieved after negotiations before a qualified and experienced mediator appointed by the Court. The parties had genuine, bona fide disputes over the dates of Plaintiff's employment, the hours worked by Plaintiff and the pay received by Plaintiff but negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount. Moreover, the settlement amount falls squarely in the realistic, possible range of recovery and allows Plaintiff to recover a considerable sum of her alleged unpaid wages.

## 2. The extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing respective claims and defenses":

Had the parties not reached a settlement, both sides faced significant time and expenses conducting discovery. As the settlement was reached in the pre-discovery phase of litigation, resolution avoided the time and costs associated with sending written discovery demands and conducting both party and non-party depositions as well as appearing for additional conferences before the Court. The parties also anticipated significant time and expenses dedicated to conducting a trial that may have lasted multiple days following the close of discovery.

Both parties would have been required to appear at trial for multiple days. The parties would have incurred expenses preparing exhibits for trial, hiring court-certified interpreters (the Plaintiff and each individual Defendant are not native English speakers) and conducting the trial. The settlement gives both parties peace of mind that they will not incur additional expenses and face an uncertain outcome at trial.

## 3. The seriousness of litigation risks faced by the parties:

Both parties faced significant risks had they proceeded to trial in this matter.

Although Plaintiff was confident that she could succeed on all her claims, Plaintiff recognized the attendant risks of not prevailing at trial and not receiving any recovery. Plaintiff

also could have recovered less than agreed-upon settlement at trial. The seriousness of this risk favored the settlement for Plaintiff especially in the early stages of litigation.

Defendants also faced the risk of having a judgment entered at trial and not only having to pay any potential unpaid wages to Plaintiff but also Plaintiff's counsel's reasonable attorneys' fees.

## 4. Whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel":

The parties attended a mediation through the SDNY Mediation Program on January 7, 2022, which resulted in a settlement after hours of negotiation.

Both parties are represented by counsel who specialize in FLSA and NYLL matters and have resolved many related cases in both New York state and federal courts.

The Agreement was the product of extensive arm's-length bargaining between experienced counsel and has been carefully tailored to satisfy the criteria articulated for approval by Second Circuit courts. The Agreement does not contain any confidentiality clauses or releases of claims unrelated to the wage-and-hour claims asserted in this matter and comports with *Cheeks* and Second Circuit case law.

## 5. The possibility of fraud of collusion:

Both parties are represented by experienced, competent counsel and the parties have maintained a professional relationship throughout the litigation. There is no possibility of fraud or collusion in this settlement.

## II.     Attorneys' Fees and Distribution to Plaintiffs

The parties agreed to a global settlement of $40,000.00. If the Agreement is approved by the Court, Plaintiff will recover $25,887.00 after requested attorneys' fees and reimbursement of expenses.

Plaintiff's counsel respectfully requests $1,170.00 for identifiable expenses, which include:

- the Southern District of New York filing fee in this matter: $402.00
- the costs of service and attempted service of the Summons and Complaint on all Defendants: $768.00

Plaintiffs' counsel respectfully requests one-third of the settlement less the expenses ($38,830.00), or $12,943.00 in attorneys' fees, as agreed upon in the Plaintiff's retainer agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $14,113.00.

The settlement funds as broken down into its component parts would be as follows:

**Settlement Amount:** $40,000.00
**Attorneys' Expenses:** $1,170.00
**Net Settlement Amount:** $38,830.00
**Requested Attorneys' Fees:** $12,943.00 ($38,830.00 / 3)

**Total payable to Attorneys:** $14,113.00 ($12,943.00 + $1,170.00)
**Total payable to Plaintiff:** $25,887.00 ($40,000.00 - $14,113.00)

Plaintiff's attorneys and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation of this matter and the recovery secured through their efforts. Plaintiffs' counsel has zealously advocated for their clients throughout the litigation and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

In further support of this request, Plaintiffs' counsel's contemporaneous billing records are attached hereto as **Exhibit 2**. As explained in greater detail in the attached billing records, Plaintiffs' attorneys' fees as calculated using the lodestar method are **$10,655.00**. Plaintiffs' counsel spent a combined **29.8** attorney hours and **9.6** paralegal hours working on this matter from intake of Plaintiff through finalizing the Agreement for the Court's review and approval. Plaintiffs' counsel believes that the work performed in this matter also supports the requested attorneys' fee award of one-third of the settlement.

### III.  Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of a Court-annexed mediation and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Settlement Agreement.

We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.
*Attorney for Plaintiffs*